# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRELL ELLIS, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   Case No. CIV-06-1156-R |
| | ) |
| JAMES M. BROWN, Sr., et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Plaintiffs filed this action pursuant to 42 U.S.C. § 1983, alleging the violation of their constitutional rights with regard to the parole procedures being employed by the State of Oklahoma. Pursuant to 28 U.S.C. § 636(b)(1)( B), the matter was referred to the United States Magistrate Judge Valerie K. Couch for preliminary review. On November 28, 2006, Judge Couch issued a Report and Recommendation, wherein she recommended that the complaint be dismissed upon filing for failing to state a claim. The matter is currently before the Court on Plaintiff Darrell Ellis' objection to the Report and Recommendation. No other Plaintiff has filed an objection, although Plaintiff Ellis purports to object on their behalf.[1] For the reasons set forth herein, the Report and Recommendation is ADOPTED, and the case is DISMISSED.

---

[1] The undersigned will consider the objection only with regard to Plaintiff Ellis. "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir.2000). Plaintiff's signature is the only one on the objection, and he may not represent other inmates in this action.

The majority of Plaintiff Ellis' objection to the Report and Recommendation is an argument in support of the merits of his claims. The Report and Recommendation, however, addressed only the fact that the claims that Plaintiffs seek to pursue were are barred by the doctrine of preclusion, because Plaintiffs admittedly pursued unsuccessful litigation on these same facts in the District Court of Oklahoma County and the Oklahoma Court of Civil Appeals. Complaint, p. 15. In response to the Report and Recommendation Plaintiff attacks the manner in which his claims were treated by State courts, asserting that the Courts failed to offer the Plaintiffs a full and fair opportunity to litigate their claims. Objection, p. 1-5.

From the "Petition" filed in this case it is apparent that Plaintiffs were seeking to challenge the actions of the Oklahoma state courts with regard to their claims. At page 16, Plaintiffs complained about the decision of the District Court of Oklahoma County and the subsequent decision of the Oklahoma Court of Civil Appeals. At page 17 Plaintiffs argued that the Oklahoma Supreme Court denied certiorari review out of a desire to "save face" during an election year. Although Plaintiff complains that there has been no full and fair litigation, he has not established that he was denied the opportunity to litigate his claims. Defendants were granted summary judgment in the District Court of Oklahoma County upon proper motion to which no Plaintiff filed a response. A full and fair opportunity to litigate claims does not require a trial on the merits; it requires only that the Plaintiff "have had an opportunity to litigate." *Ostler v. Anderson,* No. 06-4016, 2006 WL 2666062, *3 (10th Cir. Sept. 18, 2006); *see also Yapp v. Excel Corp.*, 186 F.3d 1222, 1227 n. 4 (10th Cir.1999) (discussing how in most circumstances res judicata is applicable if there has been prior

litigation on the merits by identical parties or parties in privity on the same cause of action, without requiring that there has been a full and fair opportunity to litigate the claims).[2] Plaintiff was not deprived of this opportunity by the state court system, and accordingly, he is not entitled to re-litigate his claims in this forum.

The Court concurs in the findings and conclusions of the Magistrate Judge, ADOPTS her Report and Recommendation [Doc. No. 7] in its entirety, and summarily DISMISSES Plaintiffs' Complaint. This dismissal shall count as one strike pursuant to 28 U.S.C. § 1915(g) following Plaintiff's exhaustion or waiver of his appeal rights. Furthermore, in light of the dismissal of this action, Plaintiff's Motion to Adopt [Doc. No. 4] is DENIED AS MOOT. Judgment shall be entered in favor of the Defendants on the claims of all Plaintiffs.

**IT IS SO ORDERED** this 3rd day of January, 2007.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] This unpublished decision cited herein as persuasive authority pursuant to Tenth Circuit Rule 36.3.